1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL WALLACE,

11          Plaintiff,                    No. CIV S-06-1697 MCE GGH P

12       vs.

13   HAYTHORNE,[1] et al.,

14          Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff alleges that defendants Haythorne and Ridge violated the Eighth

18   Amendment as well as state law by failing to repair holes in the kitchen floor where he worked.

19   Plaintiff fell and injured himself after tripping on one of the holes.

20          Pending before the court are cross-motions for summary judgment.  After

21   carefully reviewing the record, the court recommends that plaintiff's motion be denied and

22   defendants' motion be granted.

23   \\\\\

24   \\\\\

25   _____

26          [1]  The court corrects the spelling of defendant Haythorne's name in the caption to reflect
     the correct spelling.

                                        1

1 <u>Summary Judgment Standards Under Rule 56</u>

2       Summary judgment is appropriate when it is demonstrated that there exists "no

3 genuine issue as to any material fact and that the moving party is entitled to a judgment as a

4 matter of law."  Fed. R. Civ. P. 56(c).

5       Under summary judgment practice, the moving party

6     always bears the initial responsibility of informing the district court
    of the basis for its motion, and identifying those portions of "the
7     pleadings, depositions, answers to interrogatories, and admissions
    on file, together with the affidavits, if any," which it believes
8     demonstrate the absence of a genuine issue of material fact.

9 <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ.

10 P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive

11 issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,

12 depositions, answers to interrogatories, and admissions on file.'"  <u>Id.</u>  Indeed, summary judgment

13 should be entered, after adequate time for discovery and upon motion, against a party who fails to

14 make a showing sufficient to establish the existence of an element essential to that party's case,

15 and on which that party will bear the burden of proof at trial.  <u>See id.</u> at 322, 106 S. Ct. at 2552.

16 "[A] complete failure of proof concerning an essential element of the nonmoving party's case

17 necessarily renders all other facts immaterial."  <u>Id.</u>  In such a circumstance, summary judgment

18 should be granted, "so long as whatever is before the district court demonstrates that the standard

19 for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  <u>Id.</u> at 323, 106 S. Ct. at

20 2553.

21       If the moving party meets its initial responsibility, the burden then shifts to the

22 opposing party to establish that a genuine issue as to any material fact actually does exist.  <u>See</u>

23 <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356

24 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may

25 not rely upon the allegations or denials of its pleadings but is required to tender evidence of

26 specific facts in the form of affidavits, and/or admissible discovery material, in support of its

1    contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11,

2    106 S. Ct. at 1356 n. 11.  The opposing party must demonstrate that the fact in contention is

3    material, i.e., a fact that might affect the outcome of the suit under the governing law, see

4    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec.

5    Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the

6    dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the

7    nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

8         In the endeavor to establish the existence of a factual dispute, the opposing party

9    need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

10   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

11   versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

12   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

13   genuine need for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P.

14   56(e) advisory committee's note on 1963 amendments).

15        In resolving the summary judgment motion, the court examines the pleadings,

16   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

17   any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

18   477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

19   court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587, 106 S. Ct.

20   at 1356.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

21   obligation to produce a factual predicate from which the inference may be drawn.  See Richards

22   v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

23   (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than

24   simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record

25   taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

26   'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

1  On September 11, 2006, the court advised plaintiff of the requirements for

2  opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v.

3  Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409,

4  411-12 (9th Cir. 1988).

5  Undisputed Facts

6  On September 20, 2005, plaintiff worked in the main kitchen at California State

7  Prison-Sacramento (CSP-Sac).  On September 20, 2005, defendant Haythorne worked as the

8  Correctional Food Manager at CSP-Sac.  His duties included supervising the custody and

9  ancillary Food Service staff in the kitchen where plaintiff worked.  On September 20, 2005,

10  defendant Ridge worked as an Assistant Correctional Food Manager at CSP-Sac.  His duties also

11  included supervising the custody and ancillary Food Service staff in the kitchen where plaintiff

12  worked.

13  On September 20, 2005, plaintiff slipped and fell in the kitchen at CSP-

14  Sacramento during his work shift.[2]  Plaintiff fell after his foot slipped into a hole in the floor

15  caused by a missing tile.

16  Prior to September 20, 2005, both defendants were aware that there were some

17  broken or missing tiles.

18  It is undisputed that non-prison employees complained about the holes in the floor

19  but, as will be discussed below, the parties dispute when these complaints occurred.

20  It is undisputed that a non-prison employee was injured by one of the holes but, as

21  will be discussed below, the parties dispute when this injury occurred.

22  Disputed Facts

23  The parties dispute whether plaintiff complained about the holes in the floor prior

24  to his fall.  Plaintiff claims that he constantly complained about the holes to defendants.  Neither

25  _____

26  [2]  Some of plaintiff's pleadings allege that his injuries occurred on September 28, 2000.
This discrepancy is not material.

1  defendant remembers plaintiff complaining about the holes prior to his fall.

2        The parties also dispute when any other non-prisoner kitchen employees

3  complained about the holes in the floor prior to the incident.  Plaintiff claims that the non-

4  prisoner employees complained about the holes before the incident.  Defendants do not recollect

5  when the non-prisoner employees complained about the holes.

6        The parties dispute when the non-prisoner employee was injured by the hole in the

7  floor.

8  <u>Analysis</u>

9        Defendants argue that they are entitled to summary judgment on grounds that

10  plaintiff's action is barred by the exclusive remedy of the California Worker's Compensation

11  Act.  "[T]o the extent [state] workers' compensation precludes recovery for other causes of

12  action, it does not preclude recovery for claims involving 'substantive rather than procedural

13  constitutional rights.'"  <u>Jensen v. City of Oxnard</u>, 145 F.3d 1078, 1084 n. 3 (9th Cir. 1998)

14  (quoting <u>Smith v. Fontana</u>, 818 F.2d 1411, 1419-20 (9th Cir. 1987)).  Accordingly, defendants

15  are not entitled to summary judgment on this ground.

16        Turning to the merits of plaintiff's claims, prisoners alleging Eighth Amendment

17  violations based on unsafe conditions must demonstrate that prison officials were deliberately

18  indifferent to their health or safety by subjecting them to a substantial risk of serious harm.

19  <u>Farmer v. Brennan</u>, 511 U.S. 825, 833, 114 S. Ct. 1970, 1977 (1994).  Prison officials display a

20  deliberate indifference to an inmate's well-being when they consciously disregard an excessive

21  risk of harm to that inmate's health or safety.  <u>Farmer</u>, 511 U.S. at 837-838, 114 S. Ct. at 1979-

22  80.

23        Slippery floors, without more, "does not state even an arguable claim for cruel and

24  unusual punishment."  <u>Jackson v. Arizona</u>, 885 F.2d 639, 641 (9th Cir. 1989), superseded by

25  statute as stated in, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000); <u>see</u> <u>also</u> <u>LeMaire v.</u>

26  <u>Maass</u>, 12 F.3d 1444, 1457 (9th Cir. 1993) (shackling a dangerous inmate in shower, even if

1  might fall, does not violate the Eighth Amendment); Tunstall v. Rowe, 478 F. Supp. 87 (N.D. Ill.

2  1979) (greasy staircase that caused prisoner to slip and fall did not violate the Eighth

3  Amendment); Robinson v. Cuyler, 511 F. Supp. 161, 163 (E.D. Pa. 1981) (slippery kitchen floor

4  did not inflict cruel and unusual punishment); Snyder v. Blankenship, 473 F. Supp. 1208, 1212

5  (W.D Va. 1979) (leaking dishwasher which caused prisoner to slip and fall did not violate the

6  Eighth Amendment).

7          In Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998), the Ninth Circuit found

8  that slippery floors without protective measures could create a sufficient danger to warrant relief

9  where prison guards were aware that the inmate was on crutches and fell and injured himself

10  several times.

11          The facts of the instant case are akin to those of the "slippery floor" cases

12  discussed above where no Eighth Amendment violation was found.  Even assuming that

13  defendants were aware that a non-prisoner employee had previously tripped on one of the holes,

14  the court does not find that defendants unreasonably ignored an excessive risk.  The facts of the

15  instant case are not like the facts in Frost v. Agnos, supra, in that plaintiff does not allege that he

16  was handicapped or that he suffered repeated injuries.  Based on the cases cited above, the court

17  does not find that the holes in the floor caused by the missing tiles constituted an excessive risk.

18  Accordingly, the court does not find that defendants acted with deliberate indifference to a

19  substantial risk of serious harm.[3]  Accordingly, defendants' summary judgment motion should be

20  granted as to plaintiff's Eighth Amendment claim.

21  _____

22  [3]  Although defendants do not argue that they are entitled to qualified immunity, the court observes that in Osolinski v. Kane, 92 F.3d 934 (9th Cir. 1996) the Ninth Circuit found that prison officials were entitled to qualified immunity for an Eighth Amendment claim based on their failure to repair an oven door, which fell off and burned the plaintiff's arm.  In its analysis, the Ninth Circuit did not reach the issue of whether the facts alleged demonstrated that defendants acted with deliberate indifference, but instead determined that, in light of the clearly established law, the officials could have believed their conduct was lawful.  92 F.3d at 937.  In support of this finding, the Ninth Circuit cited several of the cases cited above by this court which held that minor safety hazards did not violate the Eighth Amendment, i.e. Tunstall v. Rowe, supra, Snyder v. Blankenship, supra, and Robinson v. Cuyler, supra.

1    Defendants move for summary judgment as to plaintiff's state law claim for

2  negligence on grounds that plaintiff failed to file a tort claim.  Because the court recommends

3  that plaintiff's Eighth Amendment claim be dismissed, it declines to exercise jurisdiction over

4  plaintiff's state law claim.  28 U.S.C. § 1367(a).  On this ground, the court recommends that

5  plaintiff's state law claim be dismissed.

6    Accordingly, IT IS HEREBY RECOMMENDED that:

7    1.  Plaintiff's March 8, 2007, summary judgment motion be denied;

8    2.  Defendants' June 27, 2007, summary judgment motion be granted.

9    These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14  shall be served and filed within ten days after service of the objections.  The parties are advised

15  that failure to file objections within the specified time may waive the right to appeal the District

16  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED:   10/12/07

                                              /s/ Gregory G. Hollows

18                                         _____

19                                         UNITED STATES MAGISTRATE JUDGE

20  wall1697.sj

21

22

23

24

25

26